## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JAMES E. CHANEY JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-15-592-R** |
| | ) | |
| **WAL-MART STORES INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter comes before the Court on Wal-mart Stores, Inc. and Wal-mart Store No. 517's (collectively, "Walmart") motion to dismiss *pro se* Plaintiff James E. Chaney's complaint under Rules 12(b)(1) and 12(b)(6) Federal Rules of Civil Procedure. (Doc. No. 9). Having considered the parties' submissions, the Court finds as follows.

## I.  Background and Relevant Allegations

According to the Complaint,[1] Plaintiff worked for Walmart from January 10, 2012 until he was wrongfully discharged in May of 2014. Doc. No. 1, at 2. Plaintiff suffers from multiple sclerosis, rheumatoid arthritis/Ankylosing Spondylitis, and frontal cortex vasculitis. *Id.*, at 1 ¶¶ 1-3. Due to his multiple sclerosis, Plaintiff worked nights to avoid the heat and took a "straight" route to work due to optic neuritis, a condition related to his multiple sclerosis. Doc. No. 1, at 1 ¶ 6; Doc. No. 10, at 5. Though Plaintiff requested to work part time due to his "physical handicapps [sic]," no part-time positions were available. Doc. No. 1, at 2 ¶1. As a result, Plaintiff agreed to "try" (presumably referring

---

[1] At the motion to dismiss stage, the Court assumes Plaintiffs facts as true to "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)

to working full time), informed managers Charles Alvarez, "Travis," and "Ron," that he had multiple sclerosis, and worked with them on Plaintiff's scheduling concerns. Doc. No. 1, at 2 ¶3; Doc. No. 10, at 1. Plaintiff appears to allege that through these conversations, managers "Travis" and "Ron" adjusted schedules to reduce Plaintiff's hours. Doc. No. 1, at 2 ¶ 3.

Plaintiff's time at Walmart was fraught with turmoil. Plaintiff alleges he was subjected to ridicule, laughed at, made fun of, and even physically assaulted by various managers and/or co-workers, either based on his disability, his religion, because he filed a workers' compensation claim, reported violations under the Occupational Safety and Health Act ("OSHA"), or "for just doing his job." *See, e.g.,* Doc. No. 1, at 2-3, ¶¶ 4-11, 15, 19, 20. Plaintiff alleges he was wrongfully discharged sometime in May 2015. *Id.*, at 3, ¶ 20.

On May 29, 2014, Plaintiff filed Charge of Discrimination No. 564-2014-00965 with the Equal Employment Opportunity Commission ("EEOC") (the "Charge"). Doc. No. 9-1.[2] The Charge form contains a section for the claimant to identify the type of discrimination he experienced. *Id.* The section contains several boxes for the claimant to select from, including "religion," "retaliation," "disability," and "other." *Id.* On Plaintiff's Charge, only the boxes for "disability" and "retaliation" were selected. *Id.* Relevant here,

---

[2] Walmart attached a copy of Plaintiff's Charge to its Motion to Dismiss. Doc. No. 9-1. Plaintiff does not challenge the authenticity of the Charge. Doc. No. 10. The Court may rely upon this exhibit without converting this motion to dismiss into a motion for summary judgment by taking notice of the Charge. *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006) (court may take judicial notice of facts which are matter of public record without converting motion to dismiss into motion for summary judgment); *Romens v. City of Colorado Springs*, 2015 WL 4607659, at *4 (D. Colo. Aug. 3, 2015) (taking judicial notice of EEOC Charge).

other boxes, including those for discrimination based on "religion," and "other," remained unselected. *Id.* The form indicates the relevant period for the Charge is from May 1, 2014 through May 11, 2014, but in the narrative, Plaintiff describes treatment he experienced "during his employment" at Walmart. *Id.*

In the narrative section of the Charge form, Plaintiff stated that he was a Walmart "Maintenance" employee and "[d]uring [his] employment [he] was subjected to unequal terms and conditions of employment in that non-disabled coworkers were not treated as [he] was treated." *Id.* Plaintiff stated he was "harassed by management in that [he] was required to work longer hours and required to work harder than non-disabled coworkers." *Id.* He noted that he had complained about this harassment through a "Global Harassment Hotline," and by filing a separate Charge of Discrimination with the EEOC (Charge No. 564-2014-00128). *Id.* Following these complaints, Plaintiff states in his charge that "management took no corrective action concerning complaints of disability discrimination, and allowed the unwelcome behavior to continue with managements [sic] knowledge." *Id.* He also states he was retaliated against for these complaints, including being terminated, purportedly for a "no-call no-show." *Id.* Plaintiff states, however, that non-disabled co-workers "Robert" and "Doug" also were no-call no-shows but were not terminated. *Id.*

Plaintiff received a "Right to Sue Letter" from the EEOC on April 1, 2015. Doc. No. 1, at 2. He filed this lawsuit on May 29, 2015. Doc. Nos. 1, 1-1. According to his

civil cover sheet,[3] Plaintiff proceeds under "Title I of ADA of 1990, Sec. 101 & 103 of Civil Rights Act of 1991,[4] Sec. 501 & 503 of Rehabilitation Act of 1973," and describes his cause of action as "Defendats [sic] showed a pattern and practive [sic] of violation of the law with respect to Plaintiff's Civil Rights and well being [sic]." Doc. No. 1-1.

## II.     Exhaustion of Claims Under Title VII and the ADA

To bring a claim for discrimination under the Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act ("ADA") in federal court, a claimant must first exhaust administrative remedies. *Apsley v. Boeing*, 691 F.3d 1184, 1210 (10th Cir. 2012) ("[u]nder both Title VII and the ADA, exhaustion of administrative remedies is a prerequisite to suit.") To exhaust administrative remedies under these federal statutes, the claimant must file a charge of discrimination with the EEOC, "as to each discrete instance of discrimination or retaliation." *Id.*; *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007). The exhaustion requirement "serves to put an employer on notice of a violation prior to the commencement of judicial proceedings. This in turn serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation." *Mitchell v. City and Cnty. Of Denver*, 112 F. App'x 662, 666 (10th Cir. 2004) (quoting *Martinez v. Potter,* 347 F.3d 1208, 1211 (10th Cir. 2003)).

---

[3] While a civil cover sheet does not supplement a complaint, the Court will consider it in light of Chaney's *pro se* status. *See Goode v. OneWest Bank FSB*, 2013 WL 2099744, at *1 (D. Utah Apr. 25, 2013) *report and recommendation adopted*, 2013 WL 2099792 (D. Utah May 14, 2013) (considering *pro se* plaintiff's civil cover sheet "[i]n the spirit of liberally construing Plaintiff's pleadings") (internal quotations and citations omitted).
[4] With respect to Plaintiff's cause of action under the Civil Rights Act of 1991, this act amends Title VII of the Civil Rights Act of 1964 and, by extension, the ADA. *See Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014) (". . . the Civil Rights Act of 1991 was enacted to amend the ADA and Title VII."). Accordingly, the Court will address claims under this act in its discussion of Plaintiff's ADA and Title VII claims, as appropriate.

The plaintiff's court claim is "generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Jones*, 502 F.3d at 1186 (citations and quotations omitted). "In other words, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *Id.* (internal quotations and citations omitted). The Court liberally construes a plaintiff's charge to determine whether it encompasses (and therefore exhausts remedies for) a particular claim. *Id.*

Additionally, Plaintiff must exhaust these administrative remedies in a timely fashion. In Oklahoma, a plaintiff has 300 days from the incident to file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117(a) (incorporating the "the powers, remedies, and procedures" of *inter alia*, § 2000e–5 to claims under the ADA); *Tadlock v. Marshall County HMA, LLC*, 603 F. App'x 693, 700 (10th Cir. 2015). If the EEOC decides not to pursue the claim, it will issue the claimant a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a); *Tadlock*, 603 F. App'x at 700. The claimant has 90 days from the day he receives the right-to-sue letter to file a lawsuit. *Id.*

In the Tenth Circuit, the exhaustion requirement is a jurisdictional prerequisite to suit. *Jones*, 502 F.3d at 1183. Consequently, if a plaintiff fails to complain to the EEOC about a particular discriminatory or retaliatory act under the ADA or Title VII to the EEOC, the Court is without authority to hear a claim based on that act. The failure to

*timely* exhaust administrative remedies, however, is not jurisdictional. Rather, similar to a statute of limitations, it is subject to waiver, estoppel, and equitable tolling. *See DeWalt v. Meredith Corp.,* 288 F. App'x 484, 490 (10th Cir.2008) (citations omitted).

Against this backdrop, the Court considers whether it has jurisdiction to hear Plaintiff's claims of religious-based discrimination and harassment and harassment under the ADA. As discussed below, it does not.

### A. *Claims of Religious-Based Discrimination or Harassment*

Plaintiff's Complaint alleges that he was "belittled and ridiculed due this [sic] his Christian religious beliefs on the job at this store by Managers and Co-workers alike, repeatedly." Doc. No. 1, at 3 ¶ 19. A liberal construction of this allegation suggests that Plaintiff seeks to bring a claim for religious discrimination and harassment under Title VII.

As discussed above, to bring a lawsuit under Title VII, Plaintiff must first file a charge complaining of this religious-based discrimination with the EEOC. There is no indication that Plaintiff has done so. In the Charge before the Court, Plaintiff only marked the boxes for "disability" and "retaliation." Doc. No. 9-1.[5] His narrative only discusses mistreatment on the basis of his disability. *Id.* Entirely absent from either the Charge form or narrative is any indication of mistreatment based on Plaintiff's religion. *Id.* As a result, Walmart was not on notice of any charge of religious-based discrimination, nor

---

[5]As discussed above, this Court take judicial notice of the Charge attached to Walmart's motion to dismiss. Additionally, because exhaustion is a jurisdictional requirement, the Court may consider the Charge to determine whether jurisdiction exists. *Jenkins v. Educ. Credit Mgmt. Corp.,* 212 F. App'x 729, 733 (10th Cir.2007) ("it is appropriate, particularly in the exhaustion context, for a district court to consider evidence beyond the pleadings in resolving a challenge to subject-matter jurisdiction") (citing *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003)).

did the EEOC have any opportunity to investigate any religious-based discrimination. In opposition to the motion to dismiss, Plaintiff indicates that an EEOC employee had difficulty classifying Plaintiff's grievances. Doc. No. 10, at 2, 3. However, any difficulty classifying Plaintiff's grievances does not explain or excuse Plaintiff's failure to include such grievances in the narrative of the Charge. *See Jones*, 502 F.3d at 1186 (failure to classify claim correctly in questionnaire may be cured by narrative of charge).

As there is no indication that Plaintiff raised any claims based on his religion with the EEOC before filing suit, he has failed to exhaust his administrative remedies as to these claims and this Court lacks subject matter jurisdiction over them. *See Jenkins v. Educ. Credit Mgmt. Corp.*, 212 F. App'x 729, 733 (10th Cir. 2007) (court lacked subject matter jurisdiction over Title VII claims where administrative charge only mentioned age discrimination and retaliation).

Accordingly, Plaintiff's religious-based discrimination and harassment claims are dismissed without prejudice. If Plaintiff did in fact file a charge of religious-based discrimination or harassment with the EEOC, then he may file an amended complaint setting forth the details regarding such a charge.

## B.  *Claims of Disability-Based Harassment*

In his Complaint, Plaintiff also alleges that he was "ridiculed, laughed at, made fun of and harassed for over 2 years due to his physical handicaps by Co-Associates and Mangagment[sic], even being ordered off the property or Policed called by one Manager named Eric Prentice after he tried to make an injury report around 3AM on on [sic] instance." Doc. No. 1, at 2 ¶ 8. Based on this allegation, it appears Plaintiff seeks to bring

a disability-based hostile work environment/harassment claim. To determine whether jurisdiction exists over such a claim, the Court looks to the language of Plaintiff's Charge to see if he has exhausted his administrative remedies with respect to this particular claim. *Apsley*, 691 F.3d at 1210 ("[u]nder both Title VII and the ADA, exhaustion of administrative remedies is a prerequisite to suit."); *Kannady v. Univ. of Okla. Bd. of Regents*, 2015 WL 4647797, at *2 n. 2 (W.D. Okla. Aug. 5, 2015) (plaintiff must exhaust Title VII hostile work environment claim); *West v. N.M. Taxation & Revenue Dep't*, 757 F. Supp. 2d 1065, 1108 (D.N.M. 2010) (same regarding ADA hostile work environment claims). Based on the language of Plaintiff's Charge, he has not.

In the Charge, Plaintiff makes a general reference that he was "harassed by management in that" the managers forced him to work longer hours and harder than non-disabled employees, and that at some point he complained about this harassment through a hotline and filing a prior charge with the EEOC. Doc. No. 9-1. This description of "harassment" does not encompass the two years of "ridicule," or teasing that forms the basis of Plaintiff's hostile work environment claim in his Complaint. Doc. No. 1, at 2 ¶ 8.

In any event, the language in the Charge does not "rise to the severity necessary to constitute a hostile work environment claim." *West*, 757 F. Supp. 2d at 1109 (D.N.M. 2010) (plaintiff's use of the term "harassed" in EEOC charge did not give rise to hostile work environment claim) (quotations and citations omitted). A claim of hostile work environment includes a workplace "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Morris v. City of Colorado*

*Springs*, 666 F.3d 654 (10th Cir. 2012) (quoting *Hall v. U.S. Dep't of Labor*, 476 F.3d 847, 851 (10th Cir. 2007) (quoting *Davis v. United States Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998))). A claim that Plaintiff was required to work longer and harder than non-disabled employees does not describe such an environment nor would it reasonably lead the EEOC to investigate whether Plaintiff worked in a hostile work environment. *Jones*, 502 F.3d at 1186; *Mitchell*, 112 F. App'x at 667; *West*, 757 F. Supp. 2d at 1109.

Accordingly, the Court lacks jurisdiction over this claim and it is dismissed. As with his religious-discrimination claims, Plaintiff may amend his complaint and submit information to demonstrate that he did in fact exhaust his administrative remedies with respect to his disability-based harassment claim, such as the date of filing the charge, the date he received the right-to-sue letter for that charge, and a copy of the charge.

## III.    Plaintiff's Remaining Claims Under the ADA

### A.      *The 12(b)(6) Standard*

To evaluate the sufficiency of the allegations in Plaintiff's complaint under Rule 8 of the Federal Rules of Civil Procedure, the Court looks to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In *Twombly*, the United States Supreme Court set forth the standards that this Court must use in determining whether dismissal is warranted under Rule 12(b)(6). 550 U.S. 544. Under the *Twombly/Iqbal* standard, a complaint must nevertheless "give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (alteration in

original)); *Khalik v. United Air Lines*, 671 F.3d 1188, 1191-92 (10th Cir.2012) (citing *Erickson*, 551 U.S. at 93).

The Supreme Court held that to withstand a motion to dismiss, a complaint need not contain "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 570, or "detailed factual allegations," *id.* at 555 (citations omitted), but that it must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *Twombly* imposes a "burden ... on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that ... she is entitled to relief." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir.2008) (quoting *Twombly,* 550 U.S. at 556). Thus while Plaintiff does not need to allege facts beyond those necessary to state a claim and grounds showing entitlement of relief, he must alleged facts that plausibly suggest a claim for relief.

The Tenth Circuit regards the *Twombly/Iqbal* standard as "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Robbins*, 519 F.3d at 1247 (internal quotation marks and citations omitted).

Accordingly, the allegations must be enough that, if assumed to be true, Plaintiff "plausibly (not just speculatively) has a claim for relief." *Robbins,* 519 F.3d at 1247 (footnote omitted). A claim has facial plausibility when Plaintiff pleads facts that allow the Court to draw the reasonable inference that the identified defendant is liable for the misconduct alleged. "[T]he Twombly/Iqbal standard recognizes a plaintiff should have at

least some relevant information to make the claims plausible on their face," *Khalik*, 671 F.3d at 1193. A plaintiff's pleading must contain more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citation omitted).

### B. Whether Plaintiff Sufficiently Alleges He Is "Disabled" Under the ADA

Although "the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192 (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 515 (2002); *Twombly,* 550 U.S. at 570). The elements for a discrimination claim under the ADA are that Plaintiff (1) is a "disabled" person under the ADA; (2) is qualified to perform the essential functions of the position; and (3) was discriminated against because of his disability. *Mauerhan v. Wagner Corp.*, 649 F.3d 1180, 1185 (10th Cir. 2011). Walmart argues that Plaintiff's discrimination claim under the ADA fails because he failed to allege that he was "disabled" under the statute.

There are three ways an individual is considered "disabled" under the ADA. 29 C.F.R. § 1630.2(g)(2). Under the "actual disability" prong, an individual is disabled if they suffer from "a physical or mental impairment that substantially limits one or more major life activities . . . ." 42 U.S.C. § 12102(1)(A); 29 C.F.R. § 1630.2 (g)(1)(i). Under the "record of" prong, an individual is disabled if there is "a record of such an impairment." 42 U.S.C. § 12102(1)(B); 29 C.F.R. § 1630.2 (g)(1)(ii). Finally, an individual is disabled under the "regarded as" prong if that individual is "regarded as having such an impairment." 42 U.S.C. § 12102(1)(C); 29 C.F.R. § 1630.2 (g)(1)(iii).

Following the amendments, the ADA, as amended by ADA Amendments Act of 2008,[6] defines "major life activities" as "includ[ing], but [] not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A); *see also* 29 C.F.R. § 1630.2(i)(1)(i). As well, major life activities include the operation of major bodily functions including, but not limited to "neurological" function or activity. 29 C.F.R. § 1630.2(i)(1)(ii).

Construing Plaintiff's *pro se* complaint liberally, Plaintiff has alleged that he is disabled under the "actual disability" prong. Plaintiff alleges that due to his multiple sclerosis, he worked nights to avoid the heat; he sought to work part-time; and that it was helpful for him to have a "straight shot" to work due to optic neuritis related to his multiple sclerosis. Doc. No. 1, at 1 ¶ 6; 2 at ¶ 2. Moreover, the Federal Regulations advise that "it should easily be concluded" that multiple sclerosis, "will, at a minimum, substantially limit the major life activit[y]" of "neurological function." 29 C.F.R. § 1630.2(j)(3)(iii). While such guidance is not dispositive, it is persuasive at the motion to dismiss stage. Drawing all reasonable inferences in Plaintiff' favor, Plaintiff has sufficiently pled he is "disabled" under the ADA. *See Johnson v. Farmers Ins. Exch.*, 2012 WL 95387, at *1 (W.D. Okla. Jan. 12, 2012) (allegation that plaintiff suffered from sleep apnea was sufficient to state a claim); *Owens v. City of Barnsdall*, 2014 WL

---

[6] In 2008, Congress passed the ADA Amendments Act of 2008 ("ADAAA") to, among other things, explicitly broaden the scope of protection under the ADA. 42 U.S.C. § 12102(4); Ada Amendments Act of 2008, PL 110–325, September 25, 2008, 122 Stat 3553. Through the amendments, Congress sought to "convey that the question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis." Pub.L. No. 110–325, 122 Stat. 3553.

2197798, at *3 (N.D. Okla. May 27, 2014) (drawing on "judicial experience and common sense," plaintiff's allegation that she suffered from anxiety and depression was sufficient to state a claim); *see also Stiles v. Judd*, No. 8:12-CV-02375-T-27, 2013 WL 4714402, at *8 (M.D. Fla. Aug. 30, 2013) ("[p]aired with [plaintiff's allegations that he suffered from various mental impairments and was on psychiatric medication], § 1630.2(j)(3)(iii) creates a presumption of impairment and 'it should be easily concluded' that [plaintiff's] clinically depressed and bipolar states substantially limited his participation in major life activities"); *Mecca v. Sch. Bd. of Broward Cnty.*, 2012 WL 2735066, at *3 (S.D. Fla. July 9, 2012) (relying on § 1630.2(j)(3)(iii)'s guidance to find that a plaintiff adequately plead that he was disabled within the meaning of the ADA).

Alternatively, Plaintiff is also "disabled" under the ADA under the "regarded as" requirement. A plaintiff is "'regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment *whether or not the impairment limits or is perceived to limit a major life activity*." 42 U.S.C. § 12102(3) (emphasis added). Federal Regulations instruct that an employee proceeding under the "regarded as" prong need not make a "showing of an impairment that substantially limits a major life activity or a record of such an impairment." 29 C.F.R. § 1630.2; *see also Steffen v. Donahoe*, 680 F.3d 738, 743-44 (7th Cir.2012) (before 2009 Amendments, an employee was "regarded as" disabled only if his employer believed that the impairment substantially limited an employee in a major life activity, but the 2009 Amendments removed this requirement); *Holmes v. Bd. of Cnty. Comm'rs*, 2013 WL 2368394, at *3

(W.D. Okla. May 28, 2013) (quoting *Steffen*, 680 F.3d at 743-44). Plaintiff alleges that he told managers Charles Alvarez, "Travis," and "Ron," that he had multiple sclerosis. (Doc. No. 1, at 2 ¶3.) This is sufficient to allege that Plaintiff was "disabled" under the "regarded as" prong. 29 C.F.R. § 1630.2; *Steffen*, 680 F.3d at 743-44; *Holmes*, 2013 WL 2368394, at *3.

Plaintiff also alleges he was diagnosed with frontal cortex vasculitis due to a motorcycle injury and rheumatoid arthritis/Ankylosing Spondylitis. Unlike his claim based on his multiple sclerosis, he has failed to allege that either impairment was a disability under any prong of the disability analysis.[7] Accordingly, to the extent Plaintiff seeks to assert claims of disability discrimination based on arthritis/Ankylosing Spondylitis or frontal cortex vasculitis, the Court dismisses these claims without prejudice. Plaintiff may file an amended complaint to cure these pleading defects.

### C. Whether Plaintiff Sufficiently Alleges a Retaliation Claim Under the ADA

Walmart also argues that Plaintiff fails to state a claim for disability-based retaliation for two reasons. The elements for a retaliation claim under the ADA are that: "(1) that [Plaintiff] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse

---

[7] To the extent Plaintiff seeks to rely on his allegation that his "physical handicapps [sic]" (Doc. No. 1, at ¶ 2) required him to seek part-time work as examples of major life activities substantially limited by his rheumatoid arthritis or frontal cortex vasculitis, that allegation, on its own, is insufficient to allege a disability under the ADA. Moreover, this allegation appears to directly relate to Plaintiff's subsequent allegation regarding scheduling conversations with his managers due to his multiple sclerosis. Doc. No. 1, at ¶ 3.

action." *E.E.O.C. v. Picture People, Inc.,* 684 F.3d 981, 988 (10th Cir. 2012) (quotation and citations omitted); 42 U.S.C. § 12203. Consistent with the discussion above, for his retaliation claims to survive, Plaintiff need not plead each element of his prima facie case, but still must set forth plausible claims. *Khalik*, 671 F.3d at 1192.

First, as with his discrimination claim, Walmart argues that Plaintiff failed to allege he has a disability within the meaning of the ADA. However, a Plaintiff need not allege that he was disabled for the purposes of an ADA-retaliation claim. *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1264 (10th Cir. 2001) ("in order to prosecute an ADA retaliation claim, a plaintiff need not show that [he] suffers from an actual disability. Instead, a reasonable, good faith belief that the statute has been violated suffices"); *see also Wehrley v. Am. Family Mut. Ins. Co.*, 513 F. App'x 733, 740 (10th Cir. 2013) ("[a]nd, unlike an ADA discrimination suit, a plaintiff in an ADA retaliation suit need not show he suffered from an actual disability as long as he had a 'reasonable, good faith belief the statute ha[d] been violated.'") (quoting *id.*)

Walmart next argues that Plaintiff failed to plead any facts showing a causal connection between his allegedly protected activity and allegedly retaliatory actions. The Court agrees. Even under the most liberal reading of Plaintiff's complaint and the narrative in his Charge, Plaintiff has not supplied enough facts to support his claims of retaliatory discharge. *Conroy v. Vilsack*, 707 F.3d 1163, 1181 (10th Cir. 2013) (in Title VII context, plaintiff may show causal connection by close temporal proximity or other evidence to establish causation); *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208-09 (10th Cir. 2007) (same, in the ADA context); *Wagner v. Mercy*, No. CIV-10-359-W, at

*8-9 (W.D. Okla. Feb. 15, 2011) (dismissing retaliation claim where, *inter alia*, plaintiff failed to allege a causal connection between protected activity and retaliation). Based on the narrative in his Charge, Plaintiff asserts that he was terminated for complaining about "disability-related harassment" through a Global Harassment Hotline and filed Charge No. 564-2014-00128 with the EEOC. Doc. No. 9-1. Plaintiff asserts that the stated reason for his termination, his failure to show up for a scheduled shift, was pretext given that two non-disabled employees (Robert, a Maintenance worker and Doug, a Cashier) were not terminated. *Id.* Plaintiff does not, however, allege that these employees did not engage in a protected activity (such as complain or file charges for disability-related harassment). Nor does Plaintiff provide the dates for when he called the hotline or filed the prior EEOC charge in relation to his termination. Accordingly, Plaintiff has not pled a causal nexus between the alleged protected activity (complaints about disability-related harassment) and his discharge.

It appears Plaintiff is also alleging the act of manager Eric Prentice ordering Plaintiff off "the property" was retaliatory. Doc. No. 1, at 2 ¶ 8. Specifically, Plaintiff alleges that a manager named Eric Prentice appears to have personally or with the assistance of police ordered Plaintiff "off the property" after Plaintiff tried to make an injury report. *Id.* It appears the protected activity would be Plaintiff's attempt to make an "injury report," but without more detail about what "injury" Plaintiff complained about or to whom he complained, it is not clear that this report is a protected activity. Additionally, it is not clear what Plaintiff means by "ordered off the property." Plaintiff does not state whether the "property" is Walmart Store #517 where he worked, if by

"ordering off the property" he was instructed to leave in the middle of a shift, or some other detail to plausibly state an adverse action. Finally, it is not clear that there is any causal connection between Plaintiff's injury report and being ordered off the unidentified property. Plaintiff does not allege what date the injury report was made, nor the date he was "ordered off" the property. Without such detail it is not possible to determine whether Plaintiff has stated a plausible claim for relief or even if Plaintiff has exhausted his administrative remedies with respect to this particular act.

Accordingly, Plaintiff's retaliation claim is dismissed without prejudice. Plaintiff may file an amended complaint to cure these pleading defects.

### D.  *Whether Plaintiff Sufficiently Alleges A Harassment Claim Under the ADA*

Finally, Walmart argues that Plaintiff fails to state a claim for harassment. As discussed above, because the Court dismisses Plaintiff's disability-based harassment claim due to a lack of subject matter jurisdiction, the Court need not address this issue.

## IV.  Claims Based on OSHA

### A.  *Retaliatory Harassment for Reporting OSHA Violations*

Plaintiff's complaint also appears to include a claim for retaliatory harassment for reporting OSHA violations. *See, e.g.*, Doc. No. 1, at 2, ¶ 9-10. However, while the Tenth Circuit has not ruled on the issue, a number of federal courts of appeal have held that OSHA contains no private right of action. 29 U.S.C. § 660(c)(2); *Hoeft v. Dommisse*, 352 F. App'x 77, 80 (7th Cir. 2009) ("only the Secretary of Labor may sue to enforce [OSHA], which does not provide individual employees with any express or implied right

of action"); *Glanton v. Harrah's Entm't, Inc.*, 297 F. App'x 685, 687 (9th Cir. 2008) ("OSHA does not provide a private cause of action . . . [i]ndeed, OSHA creates an intra-agency mechanism by which an alleged violation can be raised by a private actor, 29 U.S.C. §§ 657(f)(1), 660(c), suggesting that Congress did not intend for OSHA-based actions to be litigated by private actors in federal court"); *Kohrt v. MidAmerican Energy Co.*, 364 F.3d 894, 901-02 (8th Cir. 2004) (recognizing that there is no private right to sue under OSHA); *Taylor v. Brighton Corp.*, 616 F.2d 256, 258-264 (6th Cir. 1980) (based on a careful examination of Supreme Court decisions and OSHA's legislative history, finding that Congress did not intend to create a private right of action for retaliatory discrimination under OSHA); *George v. Aztec Rental Ctr. Inc.*, 763 F.2d 184, 186 (5th Cir. 1985) (agreeing with the Sixth Circuit in *Taylor*, "[w]e therefore hold that there is no private cause of action under federal law for a private employer's retaliatory discharge of an employee contrary to section 11(c).").[8]

Rather an aggrieved party must, within 30 days of the incident, contact the Secretary of Labor to complain of the discriminatory, retaliatory, or harassing conduct. 29 U.S.C. § 660(c)(2) ("Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination"). If the Secretary finds that discrimination has occurred, then he shall bring an action in federal court. *Id.* ("If . . . the Secretary determines that the provisions of

---

[8] The Court notes that the Court of Appeals for the District of Columbia recently ordered briefing on this issue. *Johnson v. Interstate Mgmt. Co., LLC*, 2015 WL 4072092, at *1 (D.C. Cir. June 29, 2015). However, as discussed herein, even if a private cause of action did exist, Plaintiff's claims would nevertheless fail because he did not exhaust administrative remedies with respect to this claim.

this subsection have been violated, he shall bring an action in any appropriate United States district court against such person").

Moreover, if a private cause of action did exist under OSHA, Plaintiff's claim would nevertheless fail because he did not exhaust his administrative remedies under the statute. OSHA requires an aggrieved employee to file a timely complaint of discrimination with the Secretary of Labor within thirty days of the event at issue. 29 U.S.C. § 660(c)(2). While Plaintiff alleges he complained about OSHA violations, there is no allegation or indication he complained to the Secretary of Labor about any retaliation, harassment, or discrimination he experienced *as a result* of his OSHA complaints. *See* Doc. No. 1, Doc. No. 10. Accordingly, even assuming there was a private cause of action under OSHA, Plaintiff's claim would nevertheless fail for failure to exhaust his administrative remedies. *McCarthy v. Bark Peking et al.*, 676 F.2d 42, 46-47 (2d Cir. 1982), judgment vacated on other grounds and case remanded, 459 U.S. 1166 (1983), 716 F.2d 130, 132 (2d Cir. 1983) (prior judgment on exhaustion left "undisturbed"). Thus, Plaintiff's claim under OSHA that he was discriminated, harassed, retaliated against for reporting OSHA violations is dismissed with prejudice.[9]

### B. Plaintiff's Request to Amend to Add a Retaliatory Discharge Claim for Reporting OSHA Violations

In opposition to his Motion to Dismiss, Plaintiff appears to ask to amend his claim to add a wrongful discharge claim premised on his OSHA complaints. Doc. No. 10, at 3. Before permitting such an amendment, the Court considers whether Plaintiff's proposed

---

[9] Because the Court dismisses Plaintiff's OSHA claim on this ground, it need not reach Walmart's argument that these allegations fail to state a claim.

claim is futile. *Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1117 (10th Cir. 2009) ("[a]lthough Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the trial court may deny leave to amend where amendment would be futile") (*quoting Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997)). Because such a claim would be futile, the Court denies Plaintiff's request. *Id.*

The claim of wrongful discharge is an exception the Oklahoma's terminable-at-will rule. *Burk v. K-Mart Corp.*, 770 P.2d 24, 28-29 (Okla. 1989). The rule states "an employer may discharge an employee for good cause, for no cause or even for cause morally wrong, without being thereby guilty of legal wrong." *Id.* at 26. The wrongful discharge exception, however, is grounded in public policy and applies when an employer terminates an employee in violation of Oklahoma public policy. *Id.* at 28-29; *Matthews v. LaBarge, Inc.*, 407 F. App'x 277, 282 (10th Cir. 2011) (citing *id.*). In such a case, the discharge is wrongful and, consequently, actionable. *Id.* The wrongful discharge exception is narrow, limited to only those cases "where an employee is discharged for (1) refusing to violate an established and well-defined public policy or (2) performing some act consistent with a clear and compelling public policy." *Darrow v. Integris Health, Inc.*, 176 P.3d 1204, 1210 (Okla.2008); *Matthews*, 407 F. App'x at 283(quoting *id.*).

In this case, Plaintiff's proposed claim for wrongful discharge based on his OSHA complaints would fail because the Oklahoma Supreme Court has held that an employee may not bring a wrongful discharge claim premised on OSHA. *Griffin v. Mullinix*, 947 P.2d 177, 180 (Okla. 1997) (an employee "may not base a private tort claim [such as a wrongful termination] against his private employer premised upon either the federal

OSHA statute, Oklahoma's [Occupational Health and Safety Standards] Act or the two in conjunction with one another"); *see also Wilson v. Yuba Heat Transfer, LLC*, 2011 WL 3241385, at *5 (N.D. Okla. July 28, 2011) ("*Griffin* admonished courts to 'tightly circumscribe public policy exceptions to the employment-at-will doctrine,' 947 P.2d at 180, and the Court will not author a new exception to that doctrine in the absence of a clearer articulation by Oklahoma courts of an established public policy") (quoting *id.*) Because an amendment adding the claim would be futile, Plaintiff's request is denied.

### V. Workers' Compensation Retaliatory Discharge Claim

Plaintiff also appears to bring a claim for retaliatory discharge for filing a workers' compensation claim. An employee bringing a retaliatory discharge claim under Oklahoma's Workers' Compensation Act must allege that he was employed; experienced a job-related injury; that he received medical treatment so that the employer was on notice or that the employee, in good faith, initiated workers' compensation proceedings; and consequent termination. *Tadlock,* 603 F. App'x. at 703.

Plaintiff appears to ground this claim on his allegation that "Plaintiff does have ongoing medical issues as a result and 2 Workers Compensation Claims going at this time due to injuries suffered while working there, too Plaintiff fells [sic] that this may be one reason for his discharge as well." Doc. No. 1, at 2 ¶ 15. Plaintiff meets the first three elements of retaliatory discharge. Plaintiff alleges that he was a Walmart employee who was injured while working at Walmart and that he filed a workers' compensation claim. Doc. No. 1, at 2 ¶ 15. However, Plaintiff has not alleged that he experienced a "consequent" discharge. Plaintiff does not provide any dates regarding the alleged

injuries that formed the basis of his workers' compensation claims, nor the date(s) on which he filed any such claims.

There is also a question as to whether Court has jurisdiction over Plaintiff's workers' compensation retaliatory discharge claim. Previously, the Court had jurisdiction over such claims because Oklahoma's workers' compensation laws had anti-retaliation provisions which the Court was permitted to hear. *See* Okla. Stat. tit. 85 § 5 and successor, Okla. Stat. tit. 85 § 314 (anti-retaliation provision under previous Oklahoma workers' compensation law). In 2014, however, the Oklahoma legislature passed the Administrative Workers' Compensation Act (the "AWCA"). Okla. Stat. tit. 85A § 1. The AWCA created a Workers Compensation Commission and vested the Commission with exclusive jurisdiction over retaliation claims under the AWCA. Okla. Stat. tit. 85A § 19(A); Okla. Stat. tit. 85A §§ 7(A) & (B). The AWCA applied only to those claims for injuries occurring after the effective date of February 1, 2014. Okla. Stat. tit. 85A § 3(B). "Injury," as used in the statute, means the injury forming the basis for the underlying workers' compensation claim, not the date of the alleged retaliation. *Id.* (AWCA applies "to claims for injuries and death based on accidents which occur on or after the effective date of this act"); *Maddox v. Sooner Completions, Inc.*, --- P.3d ---, 2015 WL 5925717, at *1 (Okla. Oct. 12, 2015) ("[t]he law in effect at the time of injury applies"); *Carbajal v. Precision Builders, Inc.*, 333 P.3d 258, 259 (Okla. 2014) ("[t]he substantive rights and obligations of the parties in a workers' compensation proceeding are based upon the statutes in effect on the date of the worker's injury"); *Adair v. City of Muskogee, Okla.*, 2015 WL 4542425, at *1 (E.D. Okla. July 27, 2015) (quoting *Carbajal*, 333 P.3d at 259).

Because Plaintiff has not provided the Court with any dates of the alleged injuries, it cannot determine whether the old law (Okla. Stat. tit. 85 § 5, and its successor Okla. Stat. tit. 85 § 314) applies, permitting jurisdiction; or whether the new law (Okla. Stat. tit. 85A §§ 7(A) & (B)) applies, depriving the Court of jurisdiction over the claim. *See Adair*, 2015 WL 4542425, at *1 (court retained jurisdiction over injuries suffered before Act's effective date, even though alleged constructive discharge occurred after effect date).

On these grounds, the Court dismisses Plaintiff's workers' compensation retaliatory discharge claim without prejudice. Plaintiff may file an amended complaint to address these pleading defects.

## VI.    Plaintiff's Request For Appointment Of Counsel

Finally, in opposition to his motion to dismiss, Plaintiff asks the Court to appoint an attorney to represent him. Doc. No. 10, at 5. The Court will treat this request as a motion for appointment of counsel. While there is no constitutional or statutory right to counsel in federal civil cases, a court may appoint one under certain circumstances. Specifically, "[b]efore counsel may be appointed, a plaintiff must make affirmative showings of (1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel and (3) meritorious allegations of discrimination." *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

The first consideration is plaintiff's financial ability to pay for counsel. This factor is "less stringent" than the considerations for proceeding in forma pauperis ("IFP"). *Id.* at 1422. As Plaintiff has satisfied the more stringent requirements for proceeding IFP (*see* Doc. No. 3), this consideration weighs in Plaintiff's favor.

The second consideration is Plaintiff's efforts to secure counsel. Under this consideration, a plaintiff must demonstrate that he made a diligent effort to obtain counsel. *Id.* (citations omitted). Factors indicating a diligent search include the "number of attorneys contacted, the availability of counsel in the geographical area who represent employment discrimination claimants, and the plaintiff's possible skill or lack of skill at obtaining such help." *Id.* (quotations and citations omitted). Plaintiff has not provided much information with respect to this factor. At most, he makes some reference to speaking to attorneys who apparently believed he had a meritorious claim but declined to take the case because of a fear of defendant Walmart. Doc. No. 10, at 3. This weighs against the appointment of counsel.

Third is an evaluation of the merits of the action. At this early stage, the court has no information regarding the merits.

The fourth consideration is plaintiff's capacity to present the case without counsel. This "should be considered in close cases as an aid in exercising discretion." *Castner*, 979 F.2d at 1421. Without the assistance of counsel, Plaintiff has filed a complaint and an opposition to a motion to dismiss. At this stage, Plaintiff appears to be able to represent himself. This consideration weighs against the appointment of counsel at this time.

Accordingly, the Court denies Plaintiff's request for counsel. The Court denies this request without prejudice to the Court's appointment of counsel at a later stage, in the event the Court determines such a step is appropriate.

## VII. Plaintiff's Request to Amend the Complaint

The Court grants Plaintiff thirty (30) days to amend his complaint in a manner consistent with this decision.

## VIII. Conclusion

In accordance with the foregoing, the Court GRANTS in part and DENIES in part Walmart's motion to dismiss.

1. The Court GRANTS Walmart's Motion to Dismiss Plaintiff's religious discrimination and harassment claims. This dismissal is WITHOUT PREJUDICE. Plaintiff may file an amended complaint to show that he exhausted his administrative remedies with respect to these claims.

2. The Court GRANTS Walmart's Motion to Dismiss Plaintiff's harassment claims under the ADA. This dismissal is WITHOUT PREJUDICE. Plaintiff may file an amended complaint to show that he exhausted his administrative remedies with respect to this claim.

3. The Court DENIES Walmart's Motion to Dismiss Plaintiff's disability-based discrimination claim under the ADA with regards to his multiple sclerosis.

4. The Court GRANTS Walmart's Motion to Dismiss Plaintiff's disability-based discrimination claims based on Plaintiff's impairments of rheumatoid arthritis/Ankylosing Spondylitis, and frontal cortex vasculitis. This dismissal is WITHOUT PREJUDICE. Plaintiff may file an amended complaint addressing the pleading deficiencies outlined in this opinion.

5.      The Court GRANTS Walmart's Motion to Dismiss Plaintiff's disability-based retaliation claim under the ADA. This dismissal is WITHOUT PREJUDICE. Plaintiff may file an amended complaint addressing the pleading deficiencies outlined in this opinion.

6.      The Court GRANTS Walmart's Motion to Dismiss Plaintiff's claims of retaliatory harassment for reporting OSHA violations. This dismissal is WITH PREJUDICE. To the extent Plaintiff sought to amend his complaint to add a wrongful discharge claim for reporting OSHA violations, the request to amend is DENIED as futile.

7.      The Court GRANTS Walmart's Motion to Dismiss Plaintiff's wrongful discharge claim for filing a workers' compensation claim. This dismissal is WITHOUT PREJUDICE. Plaintiff may file an amended complaint addressing the pleading deficiencies outlined in this opinion.

8.      The Court DENIES Plaintiff's request for an appointment of counsel. The denial is WITHOUT PREJUDICE to the Court's appointment of counsel at a later stage, in the event the Court determines such a step is appropriate.

IT IS SO ORDERED this 3rd day of November, 2015.


_David L. Russell_

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE