## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES E. CHANEY, JR.,                )
                                 )
    Plaintiff,                 )
                                 )
v.                                   )    Case No. 15-civ-592-R
                                 )
WALMART STORES, INC., and            )
WALMART STORE NO. 517                )
                                 )
    Defendants.                )


## WALMART'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT


Sidney G. Dunagan, OBA No. 2524
Amy M. Stipe, OBA No. 13861
Paula M. Williams, OBA No. 30772
GABLEGOTWALS
One Leadership Square, Suite 1500
211 North Robinson Avenue
Oklahoma City, Oklahoma City 73102
Telephone:  405-235-5500
Facsimile:  405-235-2875
Email:     sdunagan@gablelaw.com
          astipe@gablelaw.com
          pwilliams@gablelaw.com
***ATTORNEYS FOR THE DEFENDANTS***


December 7, 2015

## TABLE OF CONTENTS

Page

INTRODUCTION ....................................................................................................... 1

ARGUMENTS AND AUTHORITIES .......................................................................... 4

    A.    Standards of Review ....................................................................... 4

           Rule 12(b)(1) motion .................................................................. 4

           Rule 12(b)(6) motion .................................................................. 5

    B.    Plaintiff's Stated and Purported Claims Should be Dismissed
        with Prejudice ................................................................................ 7

           1.    Religious-Based Discrimination or Harassment. .................. 7

           2.    Disability-Based Harassment/Hostile Work Environment. ... 8

           3.    Discrimination Based on Multiple Sclerosis Disability. ...... 11

           4.    Discrimination Based on Other Disabilities. ....................... 13

           5.    Disability-Based Retaliation. .............................................. 13

           6.    Retaliation or Wrongful Discharge for Making an
                OSHA Report. ................................................................... 15

           7.    Retaliation for Workers Compensation Claims. .................. 15

CONCLUSION ....................................................................................................... 16

# TABLE OF AUTHORITIES

**CASES**                                                                 **Page(s)**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ............................................................................... 5, 6

*Aspley v. Boeing,*
691 F.3d 1184 (10th Cir. 2012) ............................................................... 7, 8

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ............................................................................... 5, 6

*Conroy v. Vilsack,*
707 F.3d 1163 (10th Cir. 2013) .................................................................. 13

*Erickson v. Pardus,*
551 U.S. 89 (2007) .................................................................................... 5

*Hernandez v. Valley View Hosp. Ass'n,*
684 F.3d 950 (10th Cir. 2012) .................................................................... 10

*Hill v. Truelove,*
No. CIV-07-404-M, 2010 WL 56144 (W.D. Okla. Jan. 6, 2010) ................... 3, 7

*Holt v. U.S.,*
46 F.3d 1000 (10th Cir. 1995) .................................................................. 4, 5

*Holy Ghost Revival Ministries v. City of Marysville,*
98 F. Supp. 3d 1153 (W.D. Wash. 2015) ...................................................... 3

*Jemaneh v. Univ. of Wyoming,*
12-CV-02383-RM-MJW, 2015 WL 1143038 (D. Colo. Mar. 11, 2015) ............. 7

*Kannady v. Univ of Okla. Bd. of Regents,*
No. CIV-14-709-R, 2015 WL 4647797 (W.D. Okla. Aug. 5, 2015) .................. 8

*Khalik v. United Air Lines,*
671 F.3d 1188 (10th Cir. 2012) ............................................................... 5, 6

*Kokkonen v. Guardian Life Ins. Co. of America,*
511 U.S. 375 (1994) ................................................................................... 4

*Mauerhan v. Wagner Corp.,*
649 F.3d 1180 (10th Cir. 2011) .................................................................. 12

*Morris v. City of Colorado Springs,*
666 F.3d 654 (10th Cir. 2012) ................................................................. 10

*Proctor v. United Parcel Serv.,*
502 F.3d 1200 (10th Cir. 2007) ............................................................... 13

*Riddle v. Mondragon,*
83 F.3d 1197 (10th Cir. 1996) ................................................................... 6

*Robbins v. Oklahoma,*
519 F.3d 1242 (10th Cir. 2008) .............................................................. 5, 6

*Romens v. City of Colorado Springs,*
No. 13-cv-01441-RM-KLM, 2015 WL 4607659 (D. Colo. Aug. 3, 2015) ....................... 9

*State ex rel Simms v. Simmons,*
711 P.2d 949 (Okla. Civ. App. 1985) ....................................................... 3, 7

*Tadlock v. Marshall County HMA, LLC,*
603 F. App'x 693 (10th Cir. 2015) ....................................................... 10, 16

*Tal v. Hogan,*
453 F.3d 1244 (10th Cir. 2006) ................................................................. 9

## STATUTES

42 U.S.C. § 12117 .............................................................................. 9, 10

42 U.S.C. § 2000e ........................................................................ 7-10, 13

Okla. Stat. tit. 85 § 5 ......................................................................... 15

Okla. Stat. tit. 85 § 314 ...................................................................... 15

Okla. Stat. tit. 85A § 7 ....................................................................... 15

Okla. Stat. tit. 85A § 19 ...................................................................... 15

## OTHER

61A Am. Jur. 2d Pleading § 701 ................................................................ 3

Fed. R. Civ. P. 8 ......................................................................... 3, 4, 5

Fed. R. Civ. P. 10 ................................................................................................ 3

Fed. R. Civ. P. 12 ............................................................................................ 4, 5

Fed. R. Civ. P. 56 ................................................................................................ 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES E. CHANEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-civ-592-R |
| | ) | |
| WALMART STORES, INC., and | ) | |
| WALMART STORE NO. 517 | ) | |
| | ) | |
| Defendants. | ) | |

## WALMART'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants Walmart Stores, Inc. and Walmart Store No. 517[1] (collectively, "Walmart") hereby move the Court to dismiss all stated and purported claims for relief set forth in Plaintiff James E. Chaney, Jr.'s Amended Complaint [Doc. No. 14] for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

### INTRODUCTION

Plaintiff originally filed his Complaint on May 29, 2015. (*See* Complaint [Doc. No. 01].) Walmart subsequently filed a Motion to Dismiss based on Plaintiff's failure to exhaust his required administrative remedies with the Equal Opportunity Employment Commission ("EEOC") and his failure to adequately plead his claims. (*See generally*

---

[1] Plaintiff improperly identifies Walmart Store No. 517 as a Defendant in this matter. The appropriate Defendant is Wal-Mart Stores East, LP, which is the operating entity for Store #0517 in Mustang, Oklahoma.

Motion to Dismiss [Doc. No. 09].) On November 3, 2015, this Court granted Walmart's Motion to Dismiss as to all but one of Plaintiff's claims – discrimination based on Plaintiff's alleged multiple sclerosis. (*See* Order [Doc. No. 12].) More specifically, this Court ordered:

(1)     Plaintiff's claim of religious discrimination was dismissed without prejudice for lack of jurisdiction, and Plaintiff was allowed to amend and set forth details of any religious-based discrimination charge filed with the EEOC. (*See id.* at 7.)

(2)     Plaintiff's claim of disability-based harassment (i.e. hostile work environment) was dismissed without prejudice for lack of jurisdiction, and Plaintiff was allowed to amend and set forth details of any disability-based harassment claim he filed with the EEOC. (*See id.* at 9.)

(3)     Plaintiff's claim for discrimination based on his alleged multiple sclerosis was not dismissed. (*See id.* at 14, 25.)

(4)     Plaintiff's claim of disability-based discrimination based on claimed impairments other than multiple sclerosis was dismissed without prejudice, and Plaintiff was allowed to amend and set forth details of the alleged discrimination based upon these alleged disabilities. (*See id.* at 14.)

(5)     Plaintiff's claim of disability-based retaliation was dismissed without prejudice for failure to plead adequate details to state a plausible claim for relief, and Plaintiff was allowed to amend and set forth details of any causal connection between his alleged protected activity and his discharge. (*See id.* at 17.)

(6)     Plaintiff's OSHA retaliatory harassment and wrongful discharge claim for reporting OSHA violations was dismissed with prejudice. (*See id.* at 17-21.)

(7)     Plaintiff's workers' compensation retaliatory discharge claim was dismissed without prejudice, and Plaintiff was allowed an opportunity to amend to cure his pleading defects. Specifically, the Court found that Plaintiff failed to allege he experienced a consequential "discharge" because of his workers' compensation claims, did not sufficiently detail his injuries, and did not provide the dates of his injuries or claims, which could affect the Court's jurisdiction over those claims. (*See id.* at 22-23.)

Plaintiff has now filed an Amended Complaint [Doc. No. 14], but has not cured the defects in his original Complaint and, moreover, now fails to state <u>any</u> claim for relief against Walmart. <u>Significantly, Plaintiff's Amended Complaint only alleges a hostile work environment claim.</u> Because Plaintiff's Amended Complaint supercedes his original Complaint, the only claim now at issue in this lawsuit is the hostile work environment claim. *See Hill v. Truelove*, No. CIV-07-404-M, 2010 WL 56144, at *4 (W.D. Okla. Jan. 6, 2010) (quoting *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) ("[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect[.]"); *State ex rel Simms v. Simmons*, 711 P.2d 949, 952 (Okla. Civ. App. 1985) ("An amended petition constitutes an abandonment of the original petition and all prior averments not made a part of the amended petition."); 61A Am. Jur. 2d Pleading § 701 ("[T]he amended complaint supersedes the original and renders it of no legal effect.").

Walmart acknowledges that "A copy of a written instrument that is an exhibit to a pleading is a part of the pleadings for all purposes." Fed. R. Civ. P. 10(c). However, a plaintiff

> ... may not attach a large number of exhibits to [his] claims with the expectation that the Court will read the exhibits and extract the necessary factual pieces to construct a cognizable claim on Plaintiff['s] behalf. . . . Such a tactic conflicts with Rule 8 of the Federal Rules of Civil Procedure, which requires Plaintiff[] to provide "a short and plain statement of [his] claim."

*Holy Ghost Revival Ministries v. City of Marysville*, 98 F. Supp. 3d 1153, 1178 (W.D. Wash. 2015) (quoting *Cantu v. Garcia*, No. 1:09-CV-00177-SKO PC, 2010 WL

2605336, at *2 (E.D. Cal. June 28, 2010) and Fed. R. Civ. P. 8). Here, Plaintiff does not even reference his exhibits in his Amended Complaint, he fails to identify any claims other than hostile work environment, and he leaves Walmart and the Court to create for him allegations for claims which do not even exist.

Because it is unclear from the exhibits Plaintiff attached to his Amended Complaint whether or not he intended to assert any claims other than hostile work environment, Walmart will address below Plaintiff's Amended Complaint by number reference to the Court's ruling in its Order [Doc. No. 12] and as summarized above. In short, Plaintiff has been afforded multiple opportunities to identify a cause of action against Walmart and he has failed to do so. Thus, his lawsuit should now be dismissed with prejudice.

ARGUMENTS AND AUTHORITIES

A.   **Standards of Review.**

**Rule 12(b)(1) motion.** A motion to dismiss brought under Rule 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving the court has subject matter jurisdiction over his claims. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Through a Rule 12(b)(1) motion, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual

allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 summary judgment motion. *Id.*

**Rule 12(b)(6) motion.** As noted by the Court in its November 3, 2015 Order, two United States Supreme Court decisions govern the Court's analysis when evaluating the sufficiency of the allegations in a plaintiff's complaint under Rule 8 of the Federal Rules of Civil Procedure: *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In *Twombly*, the Supreme Court set forth the standards this Court must use in determining whether dismissal is warranted under Rule 12(b)(6). Under the *Twombly/Iqbal* standard, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555 (alteration in original)); *Khalik v. United Air Lines*, 671 F.3d 1188, 1191-92 (10th Cir. 2012) (citing *Erickson*, 551 U.S. at 93).

The Supreme Court held that to withstand a motion to dismiss, a complaint need not contain "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 570, or "detailed factual allegations," *id.* at 555 (citations omitted), but it must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *Twombly* imposes a "burden ... on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that ... she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Thus, while a plaintiff does

not need to allege facts beyond those necessary to state a claim and grounds showing entitlement to relief, he must allege facts that plausibly suggest a claim for relief.

The Tenth Circuit regards the *Twombly/Iqbal* standard as "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Robbins*, 519 F.3d at 1247 (internal quotation marks and citations omitted). Accordingly, the allegations must be enough that, if assumed to be true, a plaintiff "plausibly (not just speculatively) has a claim for relief." *Robbins*, 519 F.3d at 1247 (footnote omitted). A claim has facial plausibility when a plaintiff pleads facts that allow the Court to draw the reasonable inference that the identified defendant is liable for the misconduct alleged. "[T]he *Twombly/Iqbal* standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face." *Khalik*, 671 F.3d at 1193. A plaintiff's pleading must contain more than "unadorned, the-defendant unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citation omitted).

Further, where a plaintiff is appearing *pro se*, even a broad reading of the complaint does not relieve the plaintiff of his or her burden of alleging sufficient facts on which a recognized legal claim could be based. *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

> A court may not assume that a [*pro se*] plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983); *see*

> *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997) (stating a
> court may not supply additional factual allegations to round out a plaintiff's
> complaint or construct a legal theory on plaintiff's behalf) (citation omitted);
> *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir.1991) (stating a
> court may not construct arguments or theories for the plaintiff in the absence
> of any discussion of those issues) (citations omitted). **The plaintiff's *pro se***
> **status does not entitle him to application of different rules of civil**
> **procedure.** *See Hall*, 935 F.2d at 1110; *Wells v. Krebs*, No. 10–cv–00023,
> 2010 WL 3521777, at *2 (D.Colo. Sept. 1, 2010).

*Jemaneh v. Univ. of Wyoming*, 12-CV-02383-RM-MJW, 2015 WL 1143038, at *6 (D.

Colo. Mar. 11, 2015).

**B.**    **Plaintiff's Stated and Purported Claims Should Be Dismissed with Prejudice.**

Plaintiff has not alleged in his Amended Complaint <u>any</u> cause of action against

Walmart, except for a hostile work environment claim.  Neither Walmart nor this Court

should be tasked with sifting through Plaintiff's exhibits to attempt to compile for him a

claim that does not even exist.  Plaintiff has, therefore, abandoned all other causes of

action.  *See Hill v. Truelove* and *State ex rel Simms v. Simmons*, p. 3, *supra*.  To the

extent this Court considers the previous allegations Plaintiff asserted in his original

Complaint, and/or any of the materials Plaintiff attached to his Amended Complaint, in

relation to the claims addressed in the Court's Order above, Walmart submits these

claims still should be dismissed with prejudice for the reasons outlined below.

**(1)**    **Religious-Based Discrimination or Harassment**

To bring a lawsuit under Title VII for religious-based discrimination, Plaintiff

must first file a charge complaining of this alleged religious-based discrimination with

the EEOC.  *See Aspley v. Boeing*, 691 F.3d 1184, 1210 (10th Cir. 2012) ("[u]nder both

Title VII and the ADA, exhaustion of administrative remedies is a prerequisite to suit."). This Court previously dismissed Plaintiff's claim of religious-based discrimination or harassment, and allowed Plaintiff to amend his Complaint and set forth details of any religious-based discrimination charge filed with the EEOC. (*See* Order [Doc. No. 12] at 7.)   However, Plaintiff's Amended Complaint does not supply any additional facts showing a religious-based discrimination charge was filed with the EEOC and, thus, this claim should be dismissed with prejudice.

### (2)    Disability-Based Harassment/Hostile Work Environment

Prior to bringing a lawsuit under Title VII based on an alleged disability-based hostile work environment/harassment claim, a plaintiff must exhaust all administrative remedies with the EEOC. *See Aspley*, 691 F.3d at 1210; *Kannady v. Univ. of Okla. Bd. of Regents*, No. CIV-14-709-R, 2015 WL 4647797, at *2, n. 2 (W.D. Okla. Aug. 5, 2015) (plaintiff must exhaust Title VII hostile work environment claim). This Court previously dismissed Plaintiff's claim of disability-based harassment without prejudice, and permitted Plaintiff to amend his Complaint to set forth details of any disability-based harassment claim he filed with the EEOC, which Plaintiff has failed to do. (*See id.* at 9 ("Plaintiff may amend his complaint and submit information to demonstrate that he did in fact exhaust his administrative remedies with respect to his disability-based claim, such as the date of filing the charge, the date he received the right-to-sue letter for that charge, and a copy of the charge.").)

Plaintiff has pleaded that he contacted the EEOC in December 2013, and states the

charge was "misconstrued" by the EEOC as sexual harassment. (*See* Amended Complaint [Doc. No. 14] at 2.) As the basis for this EEOC charge, Plaintiff explains that "Plaintiff was being harassed and bullied as a result of closing bathrooms for cleaning again which is Walmart Standard Operating Procedure as listed in the training modules." (*See id.*) Notably, Plaintiff does not allege this was related to his multiple sclerosis.

Plaintiff has not provided a copy of this EEOC charge, or his right-to-sue letter; however, Plaintiff has provided the Court a December 12, 2013 email purportedly from Patricia D. Stewart, Senior Federal Investigator, EEOC, which states, "This is to advise you that you have the right to file this charge, however it will not be a charge we will spend our limited resources investigating" as the EEOC did not believe it would prevail in showing Plaintiff was discriminated against on the basis of *sex* or *disability* or *retaliation*. (*See id.* Ex. 3 at p. 3 (emphasis added).)

It appears Plaintiff considers EEOC Charge # 564-2014-00128[2] to include his disability-based hostile work environment/ harassment claim. Plaintiff was issued a right to sue notice on this EEOC charge on February 24, 2014. *See* Exhibit 1, attached hereto. In Oklahoma, a plaintiff has 300 days from the incident to file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (incorporating the

---

[2] Walmart requests the Court take judicial notice of Plaintiff's EEOC charges as a matter of public record. *See Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006) (a court may take judicial notice of facts which are a matter of public record without converting a motion to dismiss into a motion for summary judgment); *Romens v. City of Colorado Springs*, No. 13-cv-01441-RM-KLM, 2015 WL 4607659, at *4 (D. Colo. Aug. 3, 2015) (taking judicial notice of EEOC Charge).

"powers, remedies, and procedures" of *inter alia*, § 2000e-5 to claims under the ADA);

*Tadlock v. Marshall County HMA, LLC*, 603 F. App'x 693 700 (10th Cir. 2015).  If the

EEOC decides not to pursue the claim, it will issue the claimant a right to sue letter.  42

U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); *Tadlock*, 603 F. App'x at 700.   The

claimant has 90 days from the day he receives the right to sue notice to file a lawsuit.  *Id.*

Plaintiff filed this lawsuit in May 2015 and, thus, any claims relating to this 2013 EEOC

Charge are time barred by a year.[3]  *See* pg. 1 of Exhibit 1, attached hereto.  For this

reason alone, Plaintiff's disability-based hostile work environment/harassment claim

should be dismissed with prejudice.

Moreover, like his first Complaint, Plaintiff failed to plead in his Amended

Complaint any facts rising to the severity necessary to constitute a hostile work

environment claim.   A claim of hostile work environment includes a workplace

"permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently

severe or pervasive to alter the conditions of the victim's employment and create an

abusive working environment." *Morris v. City of Colorado Springs*, 666 F.3d 654 (10th

Cir. 2012) (quoting *Hall v. U.S. Dep't of Labor*, 476 F.3d 847, 851 (10th Cir. 2007)

(quoting *Davis v. United States Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998))); *see*

*also Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 957 (10th Cir. 2012) (quoting

*Morris*, 666 F.3d at 663–64) ("Title VII does not establish a general civility code for the

---

[3] Plaintiff's right to file a claim in federal court expired on Sunday, May 25, 2014, and
Monday, May 26, 2014 was Memorial Day.

workplace. Accordingly, the run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces is not the stuff of a Title VII hostile work environment claim.").

This Court previously found that "[a] claim that Plaintiff was required to work longer and harder than non-disabled employees does not describe such an environment nor would it reasonably lead the EEOC to investigate whether Plaintiff worked in a hostile work environment." (Order [Doc. No. 12] at 9.) Plaintiff's Amended Complaint now alleges: (a) he was physically assaulted by another employee after Plaintiff closed the bathroom for cleaning (Amended Complaint [Doc. No. 14] at 1); (b) an overnight manager told Plaintiff "You need to decide how bad you want to work," and that Plaintiff responded, "You people have issues that have nothing to do with Me and I suggest you find somewhere to deal with those and leave Me out of it." (*See id.* at 2); (c) he was moved to a different position at the store, but claims it was to "keep Plaintiff away from the person who filed a bogus VPO" against him (*see id.*); and (d) another employee allegedly brought weapons to Walmart (*see id*). Each of these allegations is completely removed from Plaintiff's multiple sclerosis and cannot form the basis for a disability-based hostile work environment claim. Thus, Plaintiff's hostile work environment claim fails and should be dismissed with prejudice.

### (3)   Discrimination Based on Multiple Sclerosis Disability

To state a discrimination claim under the Americans with Disabilities Act ("ADA"), a plaintiff must plead facts that show (1) he is a disabled person within the

meaning of the statute; (2) he is qualified to perform the essential functions of his position; and (3) he was discriminated against because of his disability. *Mauerhan v. Wagner Corp.*, 649 F.3d 1180, 1185 (10th Cir. 2011).   The Plaintiff's Amended Complaint is devoid of any claim for discrimination based on his alleged multiple sclerosis, and much of the information contained in the exhibits attached thereto falls within the confines of Plaintiff's first EEOC Charge dismissed by the EEOC on February 24, 2014.  Thus, a claim premised on those facts is time-barred. *See* Part 2 *supra*.  Even if these 2012 and 2013 allegations are considered, Plaintiff has still not pleaded any facts sufficient to plausibly show he was discriminated against or terminated because of his disability.

Further, as part of the exhibits attached to his Amended Complaint, Plaintiff provides what appears to be a complaint he made with Walmart's Global Ethics Hotline wherein he stated,

> I went out to [store] 517 a bit ago and was told I was fired because of call ins by ex-coworkers. That is a lie. <u>I was fired because I was unable to make to my Jeep to get my cell phone to keep calling in or drive in to work that morning after calling in late.  I had planned to make it in, setting the alarm clock more than once, but neve[r] could.</u>  This is the reason I was given by Colby and AM James Roman at the time I was fired. Nothing more.

(Ex. 5 to Amended Complaint [Doc. No. 14-5] at p. 14 (emphasis added).)  Plaintiff <u>admits</u> he was terminated for not calling-in and not showing up for work. Plaintiff cannot plausibly claim he was terminated on the basis of his multiple sclerosis, and this claim should be dismissed with prejudice.

**(4)**     <u>**Discrimination Based on Other Disabilities**</u>

This Court previously dismissed Plaintiff's claim of disability-based discrimination based on alleged impairments other than multiple sclerosis, and permitted Plaintiff to amend his Complaint to plead facts that his other impairments were disabilities within the meaning of the ADA, and that Walmart discriminated against him because of these disabilities. However, Plaintiff has not provided in his Amended Complaint any information regarding his other alleged impairments (frontal cortex vasculitis and rheumatoid arthritis/Ankylosing Spondylitis) and, in fact, Plaintiff eliminated the reference to these alleged impairments from his Amended Complaint altogether. Plaintiff's claim of disability-based discrimination based on any alleged disability or impairment should be dismissed with prejudice.

**(5)**     <u>**Disability-Based Retaliation**</u>

This Court previously dismissed Plaintiff's claim of disability-based retaliation, finding Plaintiff failed to plead any facts showing a causal connection between Plaintiff's allegedly protected activity and Walmart's allegedly retaliatory actions. The Court permitted Plaintiff to amend his Complaint to plead facts to support such a claim, which Plaintiff has failed to do. (Order [Doc. No. 12] at 15-17.) *See also Conroy v. Vilsack*, 707 F.3d 1163, 1181 (10th Cir. 2013) (in Title VII context, plaintiff may show casual connection by close temporal proximity or other evidence to establish casual connection); *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208-09 (10th Cir. 2007) (same, in the ADA context).

In his Amended Complaint, Plaintiff attaches logs of calls he allegedly made to Walmart's Global Ethics Hotline and emails between Plaintiff and an EEOC representative. The EEOC communications occurred between December 15, 2013 and January 22, 2014, nearly *four months prior* to Plaintiff's termination. And, these communications show the EEOC did not believe it would prevail in proving Plaintiff was discriminated against because of "sex, disability, or retaliation." (*See* Ex. 3 to Amended Complaint [Doc. No. 14] at p. 5.) Prior to his termination, Plaintiff also allegedly submitted numerous reports to Walmart's Global Ethics Hotline, however, these calls are *unrelated* to Plaintiff's alleged multiple sclerosis, and could not form the basis for any alleged "retaliation."[4]

Because Plaintiff's EEOC Charge and Hotline calls are not temporally related to Plaintiff's termination, and have no connection to his alleged multiple sclerosis, Plaintiff

---

[4] Plaintiff was terminated on May 11, 2014. Plaintiff's pre-termination calls to Walmart's Global Ethics Hotline (*see* Exs. 4 and 5 to Amended Complaint [Doc. No. 14]) – the only calls that could arguably support Plaintiff's *retaliation* claim – are summarized below and clearly do not reflect any complaints regarding Plaintiff's disability:

- Dec. 29, 2012 – Complaint regarding bathroom cleaning procedure.
- Aug. 12, 2013 – Complaint regarding use of floor chemicals, management, workplace accident report, and restroom cleaning procedure.
- Sept. 7, 2013 – Complaint regarding alleged workplace injury and written coaching received for behavior in Walmart's personnel office.
- Nov. 1, 2013 – Complaint regarding Walmart benefits.
- Dec. 15, 2013 – Complaint regarding a female Associate who walked into the restroom Plaintiff was cleaning, after which Plaintiff threw a metal female napkin dispenser on the floor. Additional complaints regarding theft, Walmart benefits and his alleged workplace injury.
- Mar. 16, 17, 18, and 19, 2014 – Complaints regarding another Walmart Associate who filed a VPO against Plaintiff and the promotion of another manager.

has not stated a claim for disability-based retaliation and this claim should be dismissed with prejudice.

### (6)  Retaliation or Wrongful Discharge for Making an OSHA Report

The Court previously dismissed with prejudice Plaintiff's claim based upon retaliation/wrongful discharge for filing an OSHA report and, thus, this claim is not at issue.

### (7)  Retaliation for Workers Compensation Claims

This Court previously dismissed Plaintiff's claim for workers' compensation retaliatory discharge, finding Plaintiff (a) failed to allege he experienced a consequential "discharge" as a result of him filing workers' compensation claims, (b) did not sufficiently detail his injuries, and (c) did not provide dates of his alleged injuries or claims, which could affect the Court's jurisdiction over those claims. (*See* Order [Doc. No. 12] at 22-23.)[5] There is no mention of workers' compensation retaliatory discharge in Plaintiff's Amended Complaint, and the exhibits attached thereto purportedly reflect Plaintiff's workplace injuries on December 14, 2013 (*see e.g.* Ex. 3 to Amended Complaint [Doc. No. 14] at p. 1 and Ex. 5 at pg. 2) and March 2012 (*see e.g. id.* at p. 6 and Ex. 5 at pg. 1).  However, even if these alleged workplace injuries fall within the Court's jurisdiction, in order to state a retaliation claim, Plaintiff must allege he was

---

[5] The Court acknowledged in its Order that whether the workplace injuries occurred prior to or subsequent to February 1, 2014, was significant because the Court was permitted to hear anti-retaliation claims prior to that date (Okla. Stat. tit. 85 § 5 and Okla. Stat. tit. 85 § 314) but did not have jurisdiction to hear anti-retaliation claims after that date (Okla. Stat. tit. 85A § 19(A); Okla. Stat. tit. 85A §§ 7(A) & (B)).

employed; experienced a job-related injury; received medical treatment so that the employer was on notice or that the employee, in good faith, initiated workers' compensation proceedings; and consequent termination. *Tadlock*, 603 F. App'x at 703.

Plaintiff has failed to supply even the most basic information regarding his workplace injuries, medical treatment he received and dates relative to his workers' compensation claims, let alone any connection of these workers' compensation claims to his termination.   Therefore, any claim for retaliation based on his filing of workers' compensation claims should be dismissed with prejudice.

## CONCLUSION

In his Amended Complaint, which supercedes his original Complaint, Plaintiff raises only a claim for hostile work environment, which fails for the reasons above. Plaintiff has not, and cannot, state any other claim for relief against Walmart and Walmart respectfully requests the Court dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,


/s/   Amy M. Stipe
Sidney G. Dunagan, OBA No. 2524
Amy M. Stipe, OBA No. 13861
Paula M. Williams, OBA No. 30772
GABLEGOTWALS
One Leadership Square, Suite 1500
211 North Robinson Avenue
Oklahoma City, Oklahoma City 73102
Telephone:   405-235-5500
Facsimile:   405-235-2875
Email:      sdunagan@gablelaw.com
            astipe@gablelaw.com
            pwilliams@gablelaw.com
*ATTORNEYS FOR THE DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2015, I caused the above document to be electronically uploaded to the Court's CM/ECF system.  I also hereby certify that on this 7th day of December, 2015, I served the above document by first-class mail, postage prepaid thereon, to the following, who is not a registered participant of the ECF System:

James E. Chaney, Jr.
P. O. Box 893335
Oklahoma City OK 73189-3335
*Pro se Plaintiff*


/s/  Amy M. Stipe
Amy M. Stipe